Fremont-Smith, J.
In this case, it is undisputed that there was an oil spill on Thomas Taylor & Sons, Inc.’s property (“Taylor”) on January 29, 1991 after Taylor had ordered an oil delivery from Alan Corporation, which delivery was performed by Flynn’s Truck Services, Inc. (“Flynn”). Flynn undertook an emergency cleanup of the oil spill, and no litigation ensued until September 12, 1994, when Alan sued Taylor for payment for unrelated oil deliveries. Taylor filed an answer and counterclaim on April 28, 1995 alleging that Alan Corporation had been negligent in its delivery of oil on January 29, 1991, seeking damages for negligence (Count I) and for response costs pursuant to Chapter 21E, Sections 4 and 5. Shortly thereafter, Alan filed a third-party complaint against Flynn, seeking recovery for any damages for which it might be found liable pursuant to Taylor’s counterclaim.
The case is before the Court on Flynn’s motion for summary judgment on Alan’s third-party action.
It is undisputed that all parties knew immediately in 1991 that the spill had occurred and had, at least to some extent, contaminated Taylor’s property. Taylor contends, however, that it relied on Flynn to clean up the property completely, and did not realize that all the residual contamination would not be cleaned up *593 until March 4, 1993, when the DEP concluded that no further clean-up by Flynn was required. However, a plaintiff is injured, for purposes of the statute of limitations, when it suffers any cognizable injury. That the injury may later become more pervasive than was initially expected, is irrelevant. Town of Mansfield v. GAF Corp., 5 Mass.App.Ct. 551, 555 (1977); Olsen v. Bell Telephone Labs, Inc., 388 Mass. 171, 175 (1983). Accordingly, on the undisputed facts, Count I of Taylor’s counterclaim against Alan Corporation, for negligence and so much of Alan Corporation’s third-party complaint against Flynn as alleges negligence or diminution in Taylor’s property value, must be dismissed, as such claims are barred by the three year statute of limitations of M.G.L.c. 260, §2Aand c. 21E, §11A(2).
Count II of Taylor’s counterclaim, however, seeks reimbursement from Alan Corporation for any and all response costs incurred in investigating, assessing and/or remediating the oil contamination caused by Alan Corporation. Such claim is not banred, as it will not even accrue until Taylor has incurred such costs. Oliveira v. Periera, 414 Mass. 66, 73-74 (1992). Accordingly, Count II of Taylor’s counterclaim, together with so much of Alan’s third-party complaint against Flynn which seeks reimbursement for such response costs from Flynn, is DENIED. Such claims, however, are dismissed without prejudice as premature, as it was undisputed at the hearing that no such response costs have as yet been incurred by either Taylor or by Alan.
It is true that Taylor asserted a defense of “equitable set-off’ to Alan’s action (which was originally filed in the District Court) seeking payment for oil deliveries. The fact is, however, that any right to “equitable set-off’ would only occur when and if Taylor incurs and pays for response costs. Taylor cannot sit back and indefinitely refuse to pay for oil deliveries on the speculative possibility that it might, at some future date, be required to expend money for remedial action resulting from Alan’s and/or Flynn’s wrongful conduct.[1]
ORDER
Count I of Taylor’s counterclaim for negligence and for damages for diminution of its property value, is DISMISSED WITH PREJUDICE, as barred by the statute of limitations, and so much of Alan’s third-party complaint against Flynn as alleges negligence and/or damages for diminution of Taylor’s property value is similarly DISMISSED WITH PREJUDICE. Count II of Taylor’s counterclaim for recovery of response costs, and so much of Alan’s third-party complaint against Flynn as seeks such recovery, are DISMISSED WITHOUT PREJUDICE. As the remaining case involves only a claim by Alan that Taylor owes it $17,589.32 for oil deliveries, the Court orders the case remanded to the Central Worcester Division of the District Court for trial of that claim.

The extent of any legal responsibility of Alan for the oil spill has, of course, not been determined.